MELINDA HAAG (CABN 132612)
United States Attorney

J. DOUGLAS WILSON (DCBN 412811)
Chief, Criminal Division

KATHRYN HAUN (DCBN 484131)
KIMBERLY E. HOPKINS (MABN 668608)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    Fax: (415) 436-7234
    Kimberly.hopkins@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-00466-JSW |
| v. | [PROPOSED] ORDER OF DETENTION PENDING TRIAL |
| DOMINIQUE MARTIN, | |
| Defendant. | |

    Defendant Dominique Martin is charged in a 25-count Fourth Superseding Indictment with, among other things, a variety of RICO, robbery, and firearm counts. The defendant is charged in approximately 15 counts. The United States moved for defendant's detention pursuant to 18 U.S.C. § 3142, and asked for a detention hearing, as permitted by 18 U.S.C. § 3142(f). Pretrial Services prepared a bail study. On August 21, 2014, the Court began to conduct a detention hearing but at the defendant's request continued that hearing until September 4, 2014, in order for the defendant to come forward with additional sureties.

    The Court conducted that continued detention hearing on September 4, 2014. Defendant was present, in custody, and represented by Julia Jayne. Assistant United States Attorney Kathryn Haun

appeared on behalf of the Government.  The government and Pretrial Services both recommended the defendant's detention.  Upon consideration of the proffers of the parties, and the court file, including its recitation of the defendant's criminal history, the Court finds that the government has met its burden by clear and convincing evidence that the defendant presents a danger to the community absent detention. *See* 18 U.S.C. §§ 3142(e) and (f).  In addition, the Court finds that the government has also met its burden to demonstrate by a preponderance of evidence that he poses a risk of nonappearance at future court proceedings.  *See id.*  The Court therefore orders the defendant detained.

The Bail Reform Act of 1984, 18 U.S.C. § 3141-50, sets forth the factors which the Court considers in determining whether detention is warranted.  In coming to its decision, the Court has considered those factors paraphrased below:

(1)  the nature and seriousness of the offense charged;

(2)  the weight of the evidence against the person;

(3)  the history and characteristics of the person including, among other considerations, employment, past conduct and criminal history, and records of court appearances; and

(4)  the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

In considering all of these facts and proffers presented at the hearing, the Court finds the following factors among the most compelling in reaching its conclusion:

(1) The Superseding Indictment alleges the defendant participated in a number of armed robberies of commercial enterprises and committed numerous RICO predicate acts, most involving firearms, and money laundering.  As to the weight of the evidence, while this is the least important factor, the robberies were captured on the store's video surveillance cameras and pictures on social media of the defendant and his co-conspirators were posted within approximately one hour after two of the robberies.  These photographs depict the defendant basking in large amounts of cash and also depict the cash drawers stolen from the commercial enterprises.  In addition, the defendant's fingerprints were recovered from the scene of two of the robberies and cellular data also places the defendant in the vicinity of the robbery during the time of the robbery.  Thus, the nature and circumstances of the offenses charged and weight of the evidence weigh in favor of detention.

DETENTION ORDER
13-CR-00466 JSW                                                                  2

(2) The defendant is just 23 years old, but his criminal history indicates contacts with law enforcement dating back to when he was a juvenile. He has a felony conviction for assault with a deadly weapon as an adult for which he received a 3 year prison term. In addition, the defendant is alleged to have physically assaulted a security guard during his flight from one of the instant robberies charged in the Superseding Indictment, namely, the robbery of the Rite Aid. Although these acts of violence date back approximately 2 years, the Court notes that the defendant has been detained continuously in federal custody since the summer of 2013.

(3) The defendant is currently on parole in Alameda County. The record reflects the defendant has incurred prior violations of his supervision. Moreover, he is alleged to have committed the instant offenses while he was already on Court-ordered supervision. These factors demonstrate a history of noncompliance with Court-ordered conditions.

(4) Although the defense proffered that the defendant had been released on his own recognizance in the state system, and that he made appearances there, the Court noted that here the possible penalties are of a much different level. In particular, the time the defendant faces as a result of the applicable mandatory minimums in this case if convicted are of a different magnitude than the penalties he faced in state court. Thus the motivation for, and risk of, nonappearance in this case is greater than the risk of nonappearance in the defendant's state cases.

(5) Additional factors that indicate the defendant poses a risk of nonappearance include his sparse employment history and inadequate sureties, who have not to date exercised sufficient moral suasion over the defendant.

Accordingly, pursuant to 18 U.S.C. § 3142, IT IS ORDERED THAT:

(1) the defendant is committed to the custody of the Attorney General for confinement in a corrections facility;

(2) the defendant be afforded reasonable opportunity for private consultation with his counsel;

//
//

DETENTION ORDER
13-CR-00466 JSW                                              3

(3)  on Order of a court of the United States or on request of any attorney for the government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

IT IS SO ORDERED.

DATED: 9/5/14

*Kandis Westmore*
HON. KANDIS A. WESTMORE
United States Magistrate Judge

DETENTION ORDER
13-CR-00466 JSW                                     4