United States District Court
Northern District of California

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

DOMINIQUE MARTIN,

    Defendant.

Case No.: 13-00466 JSW (KAW)

**ORDER DENYING DEFENDANT'S MOTION TO REOPEN DETENTION HEARING**

Re: Dkt. No. 355

This matter is before the Court on Dominique Martin's Motion to Reopen Detention Hearing filed on March 30, 2015. (Dkt. No. 355.) The Government filed a response on April 9, 2015. Defendant filed his reply on April 9, 2015.[1] The Court held a hearing on the matter on April 13, 2015. Having considered the papers filed by Defendant and the arguments offered by counsel during the hearing on the matter, the Court DENIES Defendant's motion for the reasons set forth below.

## I.  BACKGROUND

Dominique Martin ("Defendant") is charged in a 5 defendant, 25-count Fourth Superseding Indictment filed on July 29, 2014. Defendant is charged in 15 counts with: Racketeering in violation of 18 U.S.C. § 1962(c) (Count 1); Racketeering Conspiracy in violation of U.S.C. § 1962(d) (Count 2); Conspiracy to Commit Robbery Affecting Interstate Commerce in violation of 18 U.S.C. § 1951(a) (Count 3); Robbery Affecting Interstate Commerce in violation of U.S.C. §§ 1951(a) & 2 (Counts 5, 7, 12, 14, 17); Using/Possessing a Firearm in Furtherance of

---

[1] In his motion, Defendant argues that the Government's Opposition brief should be disregarded in its entirety as it was untimely filed pursuant to Criminal Local Rule 47-2(d). Even if stricken, however, the Government's Opposition brief has no effect on the Court's disposition of Defendant's Motion to Reopen Detention Hearing.

a Crime of Violence in violation of 18 U.S.C. §§ 924(c) & 2 (Counts 8, 13, 15, 18); and Money Laundering in violation of 18 U.S.C. § 1956(a)(1)(b)(i) (Count 16).

The United States moved for Defendant's detention pursuant to 18 U.S.C. § 3142, and asked for a detention hearing, as permitted by 18 U.S.C. § 3142(f). Defendant's detention hearing took place on September 4, 2014. Upon consideration of the parties' arguments and the record, the undersigned ordered Defendant detained and issued a written order.

On March 30, 2015, Defendant filed a motion to reopen detention hearing.

## II.  LEGAL STANDARD

The Bail Reform Act authorizes and sets forth the procedures for a judicial officer to order the release or detention of an arrested person, pending trial, sentence, and appeal. *See United States v. Chen*, 820 F. Supp. 1205, 1208 (N.D. Cal. 1992). Under the Act, an accused is ordinarily entitled to pretrial release, with or without conditions, unless the district court "finds that no condition or combination of conditions will reasonable assure the appearance of the person as required and the safety of any other person and the community. *Id.*; 18 U.S.C. § 3142(b), (c), and (e). Subsection (g) of § 3142 sets forth the general factors that a court must consider "in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community." The factors that a court must consider include: (1) the nature and circumstances of the offense, (2) the weight of the evidence, (3) the history and characteristics of the person (including his character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug and alcohol abuse, criminal history, or record concerning appearance at court proceedings), and (4) the nature and seriousness of the danger to any person or the community posed by the person's release. 18 U.S.C. § 3142(g); *United States v. Motamedi*, 767 F.2d 1403, 1407 (9th Cir. 1985). The Ninth Circuit has held that the weight of the evidence should be treated as the least important factor. This guards against the possibility of making a "preliminary determination of guilt" that then leads to punishment in the form of a refusal to grant release. *Motamedi*, 767 F.2d at 1408. "The

factor may be considered only in terms of the likelihood that the person will fail to appear or will pose a danger to any person or to the community." *Id.*

Title 18 U.S.C. § 3142(f) provides that a detention hearing may be reopened if: 1) new information exists that was not known to the movant at the time of the detention hearing, and 2) that information has a material bearing on whether conditions of release exist that will reasonably assure the appearance of Defendant or has a material bearing on the safety or any other person in the community. In other words, the unknown information is material if it increases the chances the defendant appears for their criminal hearing or decreases the danger the defendant poses to an individual or the community as a whole. The rationale behind this provision is that "a rule that would not discourage a party for failing to acquire *readily available evidence* for presentation the first time is a rule that encourages piecemeal presentations. Judicial efficiency is not served by such a practice." *Tommie*, 2011 WL 2457521, *2 (D. Ariz., June 20, 2011) (citing *United States v. Bowens*, 2007 WL 2220501, *1 (D. Ariz., July 31, 2007).

### III. DISCUSSION

A detention hearing may be reopened if the movant, whether prosecutor or defendant, first establishes that information now exists that was not known to the movant at the time of the initial detention hearing. *United States v. Dillon*, 938 F.2d 1412 (1st Cir. 1991). Second, the movant must show that the new information is material to release conditions regarding flight or dangerousness. *Id.*

**A.  Defendant's Additional Information is Not New Information That Was Not Known to the Movant at the Time of the Detention Hearing.**

The test for whether proffered information is new information previously unknown to the defendant is whether the information was unknown at the time of the hearing, not whether a witness's willingness to testify was unknown to the movant. *U.S. v. Ward*, 235 F. Supp. 2d. 1183, 1185 (N.D. Okla. 2002).

Here, Defendant seeks to present several pieces of information regarding his development while in custody since the September hearing. The Court will discuss each below.

///

1. <u>Defendant's World Class Communication and Anger Management Course Certificates</u>

First, Defendant claims that he has completed two courses offered at the Glenn Dyer Jail: (1) a certificate of completion for a Communication Skills Course titled "World Class Communication," part of the jail's Relationship and Marriage Education program, and (2) a certificate of completion for the Anger Management course provided by the Alameda County Sheriff's Office in cooperation with the Tri-Valley Regional Occupational Programs. (Def.'s Mot. to Reopen Det. Hearing, "Def.'s Mot.", Dkt. No. 355 at 3; Decl. of Julia M. Jayne in Supp. of Mot. to Reopen Det. Hearing, "Jayne Decl.", Exs. A & B, Dkt. No. 355.)

Defendant's argument in relation to the courses he took while in custody is unpersuasive. First, Defendant fails to provide any authority supporting his argument that courses completed while in custody constitutes new information "that was not known to the movant at the time of the hearing." *See* 18 U.S.C. § 3142(f)(2)(B). Additionally, Defendant's interpretation misunderstands the purpose of the statute, which is to allow parties to present unknown information that increases the chances the defendant appears for their criminal hearing, or decrease the danger the defendant poses to an individual or the community as a whole. Allowing Defendant to reopen detention hearings to present information regarding the classes he took while in custody does not serve this purpose. More importantly, under Defendant's reading of the statute, any defendant can seek to reopen detention hearings simply by taking courses offered to them while they are in custody. Such a view would lead to judicially inefficient practices and is therefore erroneous.

2. <u>Letter from Ralph Gage</u>

Second, Defendant offers a letter from Ralph Gage, an Intake Specialist for the Stockton Shelter for the Homeless, in which Mr. Gage describes his past experience working with Defendant to repair and paint Defendant's grandmother's deck and patio. (Def.'s Mot. at 3; Jayne Decl., Ex. D, Dkt. No. 355.) In the letter, Mr. Gage characterizes Defendant as hard-working, "likeable and pleasant," and notes that "he genuinely cared about the wellbeing of his grandmother and other family members." (*Id.*)

This information closely resembles the evidence presented in *Dillon*, where defendant sought to reopen a detention hearing under § 3142(f) based on 18 affidavits from people who knew the defendant, "including statements from appellant's father, a police officer, persons who had employed appellant as a painter and friend of appellant and his family." 938 F.2d at 1415. The court rejected the argument that this information was unknown to the appellant at the time of the detention hearing and denied the motion, reasoning that defendant had sufficient time to obtain the affidavits and letters before his hearing. *Id.*

Accordingly, Mr. Gage's letter, offered after Defendant's detention hearing, fails to satisfy the first element of § 3142(f) because it is not information that was unknown to Defendant at the time of his hearing. This is the type of information that Defendant could have obtained prior to the hearing, and he failed to do so. Accordingly, it does not provide a basis for reopening the detention hearing.

### 3. Evidence of Job Opportunity and Intent to Enroll in State University Prison College Program

Defendant also seeks to introduce evidence of job opportunities awaiting him upon release, including a position at the Y.M.C.A. (Jayne Decl. ¶ 6, Dkt. No. 355.) Additionally, Defendant states that he wrote to Adams State University's Prison College Program, which sent him a letter encouraging him to apply for admission informing him that incarcerated students are not eligible for federal student loans. Defendant asserts that he would benefit from release because he could apply for federal student aid that would to allow him to start the Adams State Program.

Both of these claims fail. Defendant does not provide authority supporting his assertions that a possible job prospect after his release, and his intent to seek further education gives bases for reopening his detention hearing. This information does not increase the chances Defendant will appear for his criminal hearing or decrease the danger Defendant poses to an individual or the community as a whole.

///

**B.   Defendant's Additional Information Does Not Bear on Defendant's Danger to the Community and Risk of Non-Appearance.**

Even assuming that Defendant's additional information was unknown to him at the time of his detention hearing, they nonetheless have "no material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and community." 18 U.S.C. § 3142(f).

Defendant contends that this new information constitutes conditions of release that can assure community safety and Defendant's appearance in court. He claims that his efforts while in custody demonstrate that he is serious about complying with any conditions the Court may set if he is released. Additionally, Defendant argues that the progress he has demonstrated while in custody is sufficient evidence that he does not present a high risk of non-appearance or danger. Defendant supports this claim by noting the he is not charged with having personally been in possession of any firearms and that his criminal history consists of one prior felony six years ago. These arguments are not persuasive.

In *United States v. Hare*, 873 F.2d 796 (5th Cir. 1989), the defendant moved to reopen a detention decision and sought to present two pieces of information: (1) testimony from his sister, mother, and a friend that he appeared whenever required to do so during prior prosecutions, and (2) evidence of his exemplary conduct as an electrician while detained. The court found that testimony of the defendant's family and friend was not new evidence. *Id.* at 799. The court also found that evidence of the defendant's work as an electrician while in detention was not sufficiently material to the issue of dangerousness, given the defendant's past record of convictions, and the seriousness of the present charges.

Here, Defendant seeks to present evidence of courses that he took while in custody, a letter from Ralph Gage speaking to his good character, his intent to enroll in the State University Prison Program, and possible job opportunities.[2] Similar to the evidence of exemplary conduct the defendant sought to introduce in *Hare*, the evidence that Defendant seeks to introduce is

---

[2] No evidence of a current job offer for Defendant at the YMCA was submitted with the motion.

6

equally immaterial to the four factors the Court considers in determining dangerousness and risk of flight:

1) the nature and circumstances of the offense charged; 2) the weight of the evidence against Defendant; 3) the history and characteristics of Defendant; and 4) the nature and seriousness of the danger posed by Defendant's release.

### 1. The Nature and Circumstances of the Offense and Weight of the Evidence Weigh in Favor of Detention

The Superseding Indictment alleges Defendant participated in a number of armed robberies of commercial enterprises and committed numerous RICO predicate acts, most involving firearms and money laundering. As to the weight of the evidence, while this is the least important factor, the robberies were captured on the store's video surveillance cameras and pictures on social media of the defendant and his co-conspirators were posted within approximately one hour after two of the robberies. These photographs depict Defendant basking in large amounts of cash and also depict the cash drawers stolen from the commercial enterprises. Furthermore, Defendant's fingerprints were recovered from the scene of two of the robberies and cellular data also places Defendant in the vicinity of the robbery during the time of the robbery. Thus, the nature and circumstances of the offenses charged and weight of the evidence weigh in favor of detention.

Here, the additional information that Defendant seeks to present do not affect this conclusion and is immaterial to the issue of Defendant's dangerousness or flight risk.

### 2. History and Characteristics of Defendant Weigh in Favor of Detention

The Court has also found that Defendant has a history of violence. Defendant has a felony conviction for assault with a deadly weapon as an adult for which he received a 3 year prison term. Additionally, Defendant is alleged to have physically assaulted a security guard during his flight from one of the instant robberies charged in the Superseding Indictment, namely, the Robbery of the Rite Aid. While these acts of violence date back approximately 2 years, Defendant has been continuously detained in federal custody since the summer of 2013.

Furthermore, Defendant has shown a proclivity towards non-compliance with terms of supervision. Defendant is currently on parole in Alameda County and the record reflects that he has incurred prior violations of his supervision. He also committed the instant offenses while on supervision.

The evidence that Defendant seeks to present also do not affect this conclusion.

3. <u>The Nature and Seriousness of the Danger Posed By Defendant's Release</u>

Although the defense proffered that Defendant had been released on his own recognizance in the state system, and that he made appearances there, the possible penalties are of a much different level. Particularly, the time Defendant faces as a result of the applicable mandatory minimums in this case, if convicted, are of a different magnitude than the penalties he faced in state court, and his sentence can be up to life. Therefore, the motivation for, and the risk of, nonappearance is greater here than the risk of nonappearance in Defendant's state cases. The risk of nonappearance is further bolstered by Defendant's sparse employment history and inadequate sureties.

Defendant's proffered additional evidence is equally immaterial because they fail to mitigate Defendant's high risk of nonappearance.

### III. CONCLUSION

For the reasons set forth above, Defendant's Motion to Reopen Detention Hearing is denied. At the hearing on the motion, Defendant proffered that he had additional "solid" sureties. No such information was provided in his moving papers; however, Defendant may submit such information in a future motion.

IT IS SO ORDERED.

DATED: 04/13/2015

KANDIS A. WESTMORE
United States Magistrate Judge