UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| USA,<br><br>        Plaintiff,<br><br>   v.<br><br>DOMINIQUE MARTIN,<br><br>        Defendant. | Case No. 13-cr-00466-JSW-2  (KAW)<br><br>**ORDER DENYING DEFENDANT'S SECOND MOTION TO REOPEN DETENTION HEARING**<br><br>Dkt. No. 460 |

Defendant Dominique Martin filed a Second Motion to Reopen Detention Hearing on May 8, 2015. (Dkt. No. 460.) The Government filed its opposition on May 12, 2015. (Dkt. No. 463.) The Court held a hearing on the matter on May 28, 2015. Having considered the papers filed by Defendant and the arguments offered by counsel during the hearing on the matter, the Court DENIES Defendant's motion for the reasons set forth below.

**I.  BACKGROUND**

Dominique Martin ("Defendant") is charged in a 5 defendant, 25-count Fourth Superseding Indictment filed on July 29, 2014. Defendant is charged in 15 counts with: Racketeering in violation of 18 U.S.C. § 1962(c) (Count 1); Racketeering Conspiracy in violation of U.S.C. § 1962(d) (Count 2); Conspiracy to Commit Robbery Affecting Interstate Commerce in violation of 18 U.S.C. § 1951(a) (Count 3); Robbery Affecting Interstate Commerce in violation of U.S.C. §§ 1951(a) & 2 (Counts 5, 7, 12, 14, 17); Using/Possessing a Firearm in Furtherance of a Crime of Violence in violation of 18 U.S.C. §§ 924(c) & 2 (Counts 8, 13, 15, 18); and Money Laundering in violation of 18 U.S.C. § 1956(a)(1)(b)(i) (Count 16).

The United States moved for Defendant's detention pursuant to 18 U.S.C. § 3142, and asked for a detention hearing, as permitted by 18 U.S.C. § 3142(f). Defendant's detention hearing

took place on September 4, 2014. Upon consideration of the parties' arguments and the record, the undersigned ordered Defendant detained and issued a written order. (Dkt. No. 225.)

On March 30, 2015, Defendant filed a motion to reopen detention hearing, which the Court ultimately denied on April 13, 2015. (Dkt. No. 373.) Defendant filed a second motion to reopen detention hearing on May 8, 2015. The Government filed a response on May 12, 2015. The Court held a hearing on the motion on May 28, 2015.

## II. LEGAL STANDARD

The Bail Reform Act authorizes and sets forth the procedures for a judicial officer to order the release or detention of an arrested person, pending trial, sentence, and appeal. *See United States v. Chen*, 820 F. Supp. 1205, 1208 (N.D. Cal. 1992). Under the Act, an accused is ordinarily entitled to pretrial release, with or without conditions, unless the district court "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." *Id.*; 18 U.S.C. § 3142(b), (c), and (e). In this case, the charges against Defendant create a rebuttable presumption that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." 18 U.S.C. § 3142(e). Although the presumption shifts a burden of production to the defendant, the burden of persuasion remains with the government. *See United States v. Rodriguez*, 950 F.2d 85, 88 (2d Cir. 1991). A finding that a defendant is a danger to any other person or the community must be supported by "clear and convincing evidence." 18 U.S.C. § 3142(f)(2)(B).

If a defendant proffers evidence to rebut the presumption of dangerousness, the court considers four factors in determining whether the pretrial detention standard is met: (1) the nature and circumstances of the offense, (2) the weight of the evidence, (3) the history and characteristics of the person (including his character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug and alcohol abuse, criminal history, or record concerning appearance at court proceedings), and (4) the nature and seriousness of the danger to any person or the community posed by the person's release. 18 U.S.C. § 3142(g); *United States v. Motamedi*, 767 F.2d 1403,

1407 (9th Cir. 1985). The Ninth Circuit has held that the weight of the evidence should be treated as the least important factor. This guards against the possibility of making a "preliminary determination of guilt" that then leads to punishment in the form of a refusal to grant release. *Motamedi*, 767 F.2d at 1408. "The factor may be considered only in terms of the likelihood that the person will fail to appear or will pose a danger to any person or to the community." *Id.*

Title 18 U.S.C. § 3142(f) provides that a detention hearing may be reopened if: 1) the movant, whether prosecutor or defendant, first establishes that new information now exists that was not known to the movant at the time of the detention hearing, and 2) that the new information has a material bearing on release conditions regarding flight risk or dangerousness. *United States v. Dillon*, 938 F.2d 1412 (1st Cir. 1991). In other words, the unknown information is material if it increases the chances the defendant appears for his criminal hearing or decreases the danger the defendant poses to an individual or the community as a whole. The rationale behind this provision is that "a rule that would not discourage a party for failing to acquire *readily available evidence* for presentation the first time is a rule that encourages piecemeal presentations. Judicial efficiency is not served by such a practice." *United States v. Tommie*, No. CR–10–1578–PHX–SRB, 2011 WL 2457521 at *2 (D. Ariz., June 20, 2011) (citing *United States v. Bowens*, No. CR–07–544–2–PHX–ROS, 2007 WL 2220501 at *1 (D. Ariz., July 31, 2007) (emphasis in original)).

### III. DISCUSSION

Defendant appears to mistakenly believe that he can have multiple bites at the apple by repeatedly presenting piecemeal presentations that could have or should have been made at the original detention hearing. For the reasons set forth below, the Court again finds that Defendant has failed to meet his burden under § 3142(f) to reopen the detention hearing.

**A.     Defendant's additional information is not new information that was not known to the movant at the time of the detention hearing.**

The test for whether proffered information is new information previously unknown to the defendant is whether the information was unknown at the time of the hearing, not whether a witness's willingness to testify was unknown to the movant. *U.S. v. Ward*, 235 F. Supp. 2d. 1183, 1185 (N.D. Okla. 2002). In *Ward*, the court held that the defendant's family's willingness to

1   provide security for the appearance bond had a material bearing "on whether there was a condition
2   of release that reasonably assured his appearance at trial." 63 F. Supp. 2d. at 1207.  In his motion
3   to reopen the detention hearing, the defendant sought release on the grounds that his immediate
4   family was ready to post upwards of $1 million in real property to secure his appearance. *Id.* at
5   1206.  The court noted that although defendant's immediate family and relatives were obviously
6   known to him at the time of the detention hearing, the full extent of his potential sureties was not
7   fully known and available to him since the hearing was held a day after he was arrested. *Id.* at
8   1207.  At the hearing on defendant's motion to reopen, the defendant proffered nearly $1.6 million
9   of real property to secure a release bond, consisting of personal residences owned by his family
10  members. *Id.* at 1215.  Pre-trial Services interviewed the individuals and confirmed their
11  willingness to post the properties on defendant's behalf to secure a release bond. *Id.*

12  Here, Defendant seeks to present, as new information, the identities of five sureties who
13  "are willing to assist the Court by guaranteeing Mr. Martin's return for trial."  (Def.'s Mot. at 4.)
14  The five proposed sureties are: (1) Rose Martin, (2) Kelly Alford, (3) Mckayla Davis, (4) Jaquan
15  Nicholson, and (5) Renee Thompson.  (*Id.* at 3.)  Defendant brings forth this information because
16  at the hearing on his first motion to reopen, the Court indicated that while it was denying the
17  motion at that time, it would consider reopening the hearing if Defendant identified sureties that
18  would be willing to secure a bond using property or cash.[1]  (*Id.* at 5.)  Defendant, however, has
19  failed to provide any information regarding his five proposed sureties.  The Government
20  persuasively argues that Defendant's second motion to reopen "provides the court with a list of
21  names of potential sureties with nothing more."  (Gov't's Opp'n at 2.)  Additionally, unlike in
22  *Ward,* where the detention hearing was held a day after the defendant was arrested, here,
23  Defendant had sufficient time to ascertain his sureties prior to his detention hearing.  As this is

---

[1] During the hearing, the Court advised Defendant to provide actual information regarding any potential sureties, such as names, as well as information as to whether these potential sureties would be willing to secure a bond using property or cash.  As of the filing of this motion, Defendant has not provided any information assuring the Court that the proposed sureties have the financial resources to provide such a secured bond.  Nor have the proposed sureties been interviewed by Pre-trial Services ("PTS"), except for Kelly Alford, who was previously rejected by PTS as a viable surety.

Defendant's second motion to reopen, the Court notes that Defendant has had several opportunities, including his detention hearing and the first motion to reopen, to ascertain these sureties, and he has failed to meet the required standard at every instance.

Therefore, Defendant's proposal of new sureties is not new information under § 3142(f).

**B.    Defendant's additional information is not material, as it does not bear on Defendant's danger to the community and risk of nonappearance.**

Even assuming that Defendant's proposed sureties were unknown to him at the time of his detention hearing, they nonetheless have "no material bearing on the issue of whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f).

In his motion, Defendant states that he is seeking an opportunity, before trial, to assist more effectively in the preparation of his defense, improve his education, strengthen family ties, and earn extra income. (*Id*. at 4.) Defendant argues that "[b]ased on information which was lacking at the first detention hearing - the willingness of five sureties to guarantee [his] return to court for the upcoming trial starting June 3, 2015 - there are conditions of release that can assure community safety and [his] appearance in court" and that he "is fully prepared to fight the charges against him and there exists credible defense evidence against the most severe charges." (Def.'s Mot. at 4-5.) Also, Defendant claims that the sureties proposed in this motion present the Court with concrete and reliable housing options. (*Id.*) Defendant, however, fails to provide any authority or analysis to support these assertions, thus rendering them conclusory.[2] Defendant's desire to defend this case out of custody, and seek employment, education, and family ties, is also not material to his risk of nonappearance or danger to the community.

Furthermore, the Government argues that Defendant provides no information indicating that the proposed sureties are better than those previously submitted. (*Id.* at 5.) Specifically, the Government asserts that: (1) Kelly Alford was already proposed as a surety in Defendant's

---

[2] During the hearing on Defendant's first motion to reopen, the Court further advised Defendant that providing additional sureties as new information is insufficient on its own, and that Defendant must also show that such information is material to Defendant's dangerousness and flight risk. Defendant has merely provided conclusory statements and has therefore failed to show materiality.

5

previous detention hearing, and that she had no property to secure a bond and was not amenable to letting Defendant live with her; (2) Renee Thompson, Defendant's mother, is a witness in this case in relation to the money laundering charge against Defendant, and she has two prior felony convictions, and is therefore not an appropriate surety; (3) Mckayla Davis "could not be found through a review by law enforcement"; (4) Jaquan Nicholson is 21 years old, and therefore is not financially viable; and (5) Rose Martin, even though a potentially viable surety, will be unable to mitigate Defendant's danger to the community.[3]  (Gov't's Opp'n at 5.)   The Court agrees.

The undersigned, in her previous order detaining Defendant, applied the four factors which courts consider in determining dangerousness and risk of flight and ultimately found that all factors weighed against Defendant: 1) the nature and circumstances of the offense charged; 2) the weight of the evidence against Defendant; 3) the history and characteristics of Defendant; and 4) the nature and seriousness of the danger posed by Defendant's release.  18 U.S.C. § 3142(g); *Motamedi*, 767 F.2d at 1407.  The Court's reasoning in its previous order is equally applicable here, despite the fact that Defendant is now seeking to introduce new sureties.  Even assuming that Defendant's sureties constitute new information, the Court's analysis does not change considering the maximum penalties Defendant faces if convicted.  Specifically, the time Defendant faces as a result of the applicable mandatory minimums in this case are of a different magnitude than the penalties he faced in state court, and his sentence can be up to life.  The motivation for, and the risk of, nonappearance is greater here than the risk of nonappearance in Defendant's state cases.  Therefore, Defendant's proposal of new sureties is not material to release conditions regarding Defendant's flight risk or dangerousness.   In other words, if Defendant were released from custody in this case, there is an unacceptably high risk that Defendant will not appear at future court proceedings and comply in good faith with all conditions of release.  *See United States v. Hir*, 517 F.3d 1081, 1093 (9th Cir. 2008) (citing *United States v. Tortora*, 922 F.2d 880, 886 (1st Cir. 1990)).  This is particularly so given that the trial in this case will begin in five days.

///

---

[3] Defendant's motion offers no basis for the Court to believe that having Ms. Martin or others as a surety will mitigate the risk of nonappearance or danger to the community.

## IV. CONCLUSION

For the reasons set forth above, Defendant's Second Motion to Reopen Detention Hearing is DENIED.

IT IS SO ORDERED.

Dated: May 29, 2015

_____
KANDIS A. WESTMORE
United States Magistrate Judge